FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★  NOV 2 5 2013  ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STANLEY SADLER,

                      Petitioner,

    -against-

W. BROWN, Superintendent,

                      Respondent.
------------------------------------------------------------X

09-CV-3165 (TCP)

MEMORANDUM
AND ORDER

PLATT, District Judge.

Before the Court is Stanley Sadler's ("petitioner") application for a writ of habeas corpus. For the following reasons, petitioner's application is hereby **DENIED**.

## I. BACKGROUND

### A. Facts

Petitioner was charged in Suffolk County, New York, pursuant to indictment number 904-03 with the sexual abuse of three female teenagers under his supervision in a correctional facility located in Brentwood, New York.[1] After a jury trial in the County Court, Suffolk County, before the Honorable C. Randall Hinrichs, petitioner was found guilty of the charges with respect to two of the teens and acquitted as to the third teen. Specifically, petitioner was convicted of sodomy in the first degree, sodomy in the third degree (three counts), sexual abuse in the third degree and endangering the welfare of a child. Petitioner was sentenced to a determinate term of ten years imprisonment consecutive to an indeterminate term of from one and one-third to four years imprisonment.

---

1. The facts are taken from petitioner's application, respondent's opposition papers and other documents which are part of the record.

## B. Procedural History

On June 28, 2004 and prior to his sentencing, petitioner filed a New York State Criminal Procedure Law ("CPL") § 330.30[2] motion to set aside his conviction. By Decision and Order dated September 13, 2004, the trial court denied petitioner's motion.

On October 12, 2004, petitioner filed a Notice of Appeal from his conviction. Petitioner's appointed appellate counsel raised three issues: (1) the trial court committed reversible error when it refused to set aside the sodomy in the first degree conviction because the government failed to prove the crime's forcible compulsion element; (2) his sentence constituted a punishment for exercising his constitutional right to a jury trial; and (3) the government failed to prove guilt beyond a reasonable doubt.

By Decision and Order dated March 11, 2008, New York's Appellate Division affirmed the judgment against petitioner. With respect to petitioner's allegation that the government failed to prove guilt beyond a reasonable doubt, the court held that the claim was unpreserved for appellate review pursuant to CPL § 470.05(2),[3] and, in any event, meritless. As to petitioner's claim that the trial court punished him for exercising his constitutional right to a jury trial, the court held that defendant failed to preserve this claim because the issue was not raised at the time

---

2. New York's Criminal Procedure Law § 330.30 provides that after the rendition of a guilty verdict but before sentencing, a defendant may move to set aside the verdict on the ground that it is wrong as a matter of law, juror misconduct or that new evidence has been discovered since the trial that would make it more likely that defendant would have had a more favorable verdict.

3. New York's Criminal Procedure Law § 470.05(2) provides that for the purposes of appeal:
> [A] question of law with respect to a ruling or instruction of a criminal court during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same. . . .

of sentencing. The appellate court also held that the verdict was not against the weight of the evidence.

By letter dated April 3, 2008, appellate counsel sought leave to appeal from the New York State Court of Appeals. On May 29, 2008, the Court of Appeals issued a certificate denying leave.

On or around January 15, 2010, petitioner filed a motion to vacate judgment pursuant to CPL § 440.10(1)[4] before Judge Hinrichs alleging various grounds, including ineffective assistance of counsel, lack of primary jurisdiction and illegal sentence. By Decision and Order dated April 13, 2010, the court denied petitioner's motion in all respects. On July 29, 2010, New York's Appellate Division denied petitioner's application for leave to appeal from the trial court's decision. On April 19, 2011, the Appellate Division denied petitioner's application for a writ of error coram nobis on his claim of ineffective appellate counsel. Petitioner did not request leave to appeal the denial for a writ of error coram nobis to New York's Court of Appeals.

## C. Petitioner's Grounds for a Writ of Habeas Corpus

Petitioner filed his first petition for a writ of habeas corpus on July 13, 2009 and alleged three grounds of relief: (1) the government did not prove his guilt beyond a reasonable doubt; (2) his sentence was a penalty for exercising his right to a jury trial; and (3) the government did not prove the element of forcible compulsion beyond a reasonable doubt.

On January 8, 2010, petitioner moved to have his petition held in abeyance while he filed a motion in state court to vacate his judgment of conviction. On November 15, 2011, petitioner

---

4. New York's Criminal Procedure Law § 440.10(1)(a)-(i) provides the procedures and grounds for a criminal defendant to move to vacate a judgment in the court in which judgment was entered.

filed an amended habeas petition alleging the foregoing and adding the following grounds: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; and (3) the Appellate Division's denial of his error coram nobis application was contrary to federal law.

## II. DISCUSSION

### A. Legal Standard for a Writ of Habeas Corpus

"In reviewing a state prisoner's habeas corpus petition pursuant to 28 U.S.C. § 2254, a federal district court makes an independent determination as to whether the petitioner is in custody in violation of his rights under the Constitution, or any laws and treaties of the United States." *McCool v. New York State*, 29 F. Supp. 2d 151, 157 (W.D.N.Y. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 730 (1991)).

As amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), 28 U.S.C. § 2254(a) provides that a "district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the constitution or laws or treaties of the United States." A federal court may grant a writ of habeas corpus to a state prisoner where the federal claim was "adjudicated on the merits" in state court only when adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(a).

"An 'adjudication on the merits' is a 'substantive, rather than a procedural, resolution of a federal claim.'" *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001) (quoting *Aycox v. Lytle*, 196 F.3d 1174, 1178 (10th Cir. 1999)). A "state court 'adjudicate[s]' a state prisoner's federal claim on the merits when it (1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment." *Id.* (quoting 28 U.S.C. § 2254(d)(1)). "When a state court does so, a federal habeas court must defer in the manner prescribed by 28 U.S.C. § 2254(d)(1) to the state court's decision on the federal claim—even if the state court does not explicitly refer to either the federal claim or to relevant federal case law." *Id.*

Where a state court has not adjudicated a state prisoner's federal claim on the merits, the "'[the court applies] the pre-AEDPA standards and review[s] *de novo* the state court disposition of the petitioner's federal constitutional claims.'" *Garry v. Greiner*, No. 01 Civ. 0848, 2003 WL 21436217, at *2 (S.D.N.Y. June 19, 2003) (quoting *Cotto v. Herbert*, No. 01 Civ. 2694, 2003 WL 1989700, at *6 (2d Cir. May 1, 2003)).

Title 28 U.S.C. § 2254(e)(1) provides that the "determination of a factual issue made by a State court shall be presumed to be correct" and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

**B.    Petitioner's Application for a Writ of Habeas Corpus**

   **1.    Petitioner's Claims on Direct Appeal to New York's Appellate Division**

In his original petition for a writ of habeas corpus filed July 13, 2009, petitioner raised those claims denied on direct appeal to New York's Appellate Division, to wit: (1) the government did not prove its case beyond a reasonable doubt; (2) the government did not prove

the element of forcible compulsion beyond a reasonable doubt; and (3) the sentence was a penalty for exercising his right to a jury trial. Because the state court denied petitioner's appeal on the ground the claims were unpreserved for appellate review, his petition for a writ of habeas corpus on these three grounds is denied under the adequate and independent state law grounds doctrine.

### *Adequate and Independent State Law Grounds*

The Supreme Court has "made clear that, absent a showing of cause and prejudice or a fundamental miscarriage of justice, a federal habeas court may not review a federal claim that has been defaulted in state court pursuant to an independent and adequate state procedural ground." *Hemphill v. Senkowski*, No. 02 Civ. 7093, 2004 WL 943567, at *8 (S.D.N.Y. May 3, 2004) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). "However, only a 'firmly established and regularly followed state practice' may be interposed by a state to prevent subsequent review of a federal constitutional claim." *Jackson v. Conway*, 765 F. Supp. 2d 192, 284 (W.D.N.Y. 2011) (quoting *James v. Kentucky*, 466 U.S. 341, 348 (1984)).

When the state court dismisses a petitioner's federal claim on an adequate and independent state ground, "habeas review of that claim is procedurally barred unless the petitioner can demonstrate either (1) cause for the default and prejudice attributable thereto; or (2) that the failure to consider the federal claim will result in a fundamental miscarriage of justice (i.e., a constitutional error has probably resulted in the conviction of someone who is actually innocent)." *Ponder v. Conway*, 748 F. Supp. 2d 183, 188 (W.D.N.Y. 2010) (citing *Coleman*, 501 U.S. at 750). *See Vargas v. Keane*, 86 F.3d 1273, 1280 (2d Cir. 1996) (holding that federal

review of such claims is "barred unless the petitioner can demonstrate cause for the procedural default and prejudice flowing therefrom . . . or that 'failure to consider the claim [ ] will result in a fundamental miscarriage of justice' ") (internal citations omitted) (quoting *Coleman*, 501 U.S. at 750).

Federal courts considering a habeas petition under § 2254 have held that New York's CPL § 470.05(2) is a firmly established and regularly followed rule requiring criminal defendants to promptly specify their objections so the trial court has the opportunity to remedy any alleged errors. *See Garvey v. Duncan*, 485 F.3d 709, 716, 720 (2d Cir. 2007) (holding that appellate court's application of CPL § 470.05(2) was in accord with "firmly established and regularly followed" New York law that foreclosed federal habeas review); *Hogan v. West*, 448 F. Supp. 2d 496, 504 (W.D.N.Y. 2006) (holding that federal court review of petitioner's habeas claims was precluded because "New York state courts routinely and evenhandedly employ the contemporaneous objection rule in holding jury instruction claims, read-back claims, and speedy trial claims unpreserved due to the want of a timely objection").

On direct appeal, the Appellate Division held that petitioner's claims that the government did not prove its case beyond a reasonable doubt and did not prove the element of forcible compulsion were unpreserved for appellate review pursuant to CPL § 470.05(2). With respect to petitioner's contention that the sentence imposed was a penalty for exercising his right to a jury trial, the court held that the claim was also unpreserved because the issue was not raised at the time of sentencing.

Based on the Appellate Division's holding, petitioner's claims in his original habeas

petition are foreclosed from federal review because the state court decided them on state law grounds independent of any federal question and adequate to support its judgment because courts routinely and objectively employ this rule in New York. Consequently, these claims are procedurally defaulted unless petitioner can show cause for the default and prejudice flowing therefrom or that he is actually innocent, but being held based on a constitutional error.

The Supreme Court has held that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). In a subsequent case, the Court, "[w]ithout attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule," exemplified instances amounting to cause for a procedural default: a showing that the factual or legal basis for a claim was not reasonably available to counsel; or, interference by officials making compliance with the State's procedural rule impracticable. *Strickler v. Greene*, 527 U.S. 263, 283 n.24 (1999) (internal citations omitted). Similarly, "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray*, 477 U.S. at 486.

Prejudice is demonstrated by showing that the cause of the procedural default "worked to [petitioner's] *actual* and substantial disadvantage, infecting his [or her] entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

A review of the record in this case identifies no external cause for the alleged lack of contemporaneous objections before the trial court and does not petitioner identify any. Rather,

petitioner offers new arguments based on new allegations which are not part of the record and have never been passed on by the state courts. Given the lack of any external, objective cause for the alleged default, there can be no prejudice of constitutional proportions.

Moreover and based on its own factual review, the state appellate court also held that it was satisfied that the verdict of guilt was not against the weight of the evidence. Consequently, petitioner cannot show that failure to review his claim will result in a miscarriage of justice because the court held that he was not "actually innocent." *See Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001) (holding that to save a procedurally defaulted claim under the miscarriage of justice exception, a petitioner must demonstrate actual innocence) (citing *Coleman*, 501 U.S. at 748-50).

For the foregoing reasons, petitioner's application for a writ of habeas corpus, on the grounds that the government did not prove its case or the element of forcible compulsion and that his sentence was a punishment for exercising his right to a jury trial, is hereby denied.

### 2. Ineffective Assistance of Trial Counsel Claim

#### *a. Legal Standard for Ineffective Assistance of Counsel Claims*

In part, the Sixth Amendment of the Constitution provides: "In all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his defence." U.S. Const. amend. VI. "The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding." *Strickland v. Washington*, 466 U.S. 668, 691-92 (1984).

"When a convicted defendant complains of the ineffectiveness of counsel's assistance,

the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. Furthermore, "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id.* at 692. A "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

When evaluating an ineffective assistance claim, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and a defendant bears the burden of overcoming the presumption that counsel's decisions were sound. *Id.* at 689. Accordingly, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.*

### b. *Petitioner's Ineffective Assistance Claim Against Trial Counsel*

Petitioner alleges that his trial attorney was ineffective because he failed to call alibi witnesses, use the services of a private investigator, familiarize himself with the juvenile correctional facility, including its alarm systems, and failed to make objections to preserve arguments for appeal. Petitioner also alleged that his trial attorney should have filed a speedy trial motion and argued that the jury verdict was repugnant.

To prevail under *Strickland*, petitioner must demonstrate that his attorney's representation fell below an objective standard of reasonableness and, but for counsel's ineffective assistance, the proceeding would have turned out differently. In addition, petitioner must also show that the trial court's adjudication of his Sixth Amendment claim was either contrary to established federal law or based on an unreasonable determination of the facts given the evidence presented to the

state court. 28 U.S.C. § 2254(a).

In denying petitioner's CPL § 440.10 ineffective assistance of counsel claim, the trial court held that trial counsel made pre-trial motions, conducted pre-trial hearings, effectively cross-examined the government's witnesses, made cogent opening and closing arguments and moved for mistrial at the appropriate time. The court also pointed out that through counsel's diligent efforts, petitioner was found not guilty of the charges as to one of the complainants. Accordingly, the court held that petitioner received meaningful representation.

As the government notes, defense counsel requested and received discovery and a bill of particulars, requested and secured *Huntley* and *Sandoval* hearings, cross-examined witnesses for inconsistencies in their statements and vigorously defended petitioner by interposing objections. As the government also points out, there is no evidence that the private investigator uncovered exculpatory evidence or that any prejudice resulted from petitioner's attorney's decision not to employ him. Petitioner's claim with respect to the alibi witnesses is unfounded for the same reasons. Furthermore, petitioner offers no support for his contention that his attorney should have filed a speedy trial motion or should have argued that the verdict was repugnant.

In light of the foregoing, petitioner has not demonstrated that his trial counsel rendered ineffective assistance. Moreover, the trial court's holding denying petitioner's ineffective assistance of counsel claim was not contrary to clearly established federal law as set forth in *Strickland*. Nor was the trial court's decision an unreasonable determination of the facts based on applicable law. For these reasons, petitioner's request for a writ of habeas corpus on his ineffective assistance of trial counsel claim is denied.

### 3. Petitioner's Application for a Writ of Error Coram Nobis

Petitioner subsequently filed a writ of error coram nobis to vacate the appellate court's decision dated March 11, 2008 on the ground on ineffective assistance of appellate counsel. *People v. Sadler*, 920 N.Y.S.2d 709 (N.Y. App. Div. 2011). Petitioner argued, as he does herein, that despite sending numerous letters to appellate counsel outlining examples of the ineffectiveness of his trial counsel, they were not raised by appellate counsel. The appellate court denied petitioner's application and held that petitioner failed to establish that he was denied the effective assistance of appellate counsel. The court cited to *Jones v. Barnes*, 463 U.S. 745, 751 (1983), which held that a criminal defendant does not have a constitutional right to compel appointed counsel to "press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." Petitioner now seeks review of the Appellate Division's decision on the ground it was contrary to federal law.

In his amended habeas petition, petitioner states that he sought leave to appeal the denial of his application for a writ of error coram nobis to the New York Court of Appeals and it was denied. The government contends that petitioner did not appeal the Appellate Division's Order and, consequently, petitioner's claim here is precluded for failure to exhaust state judicial remedies. There is nothing in the record showing that petitioner sought leave to appeal.

It is well-settled that a "state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citing cases). Furthermore, the exhaustion requirement, codified at 28 U.S.C. § 2254(b)(1)(A), provides that an "application for a writ of habeas corpus on behalf of a

person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."

Pursuant to New York's CPL § 450.90(1), an appeal may be taken to the Court of Appeals "from an order granting or denying a motion to set aside an order of an intermediate appellate court on the ground of ineffective assistance . . . of appellate counsel." Given the foregoing and the lack of evidence in the record that an appeal was taken, petitioner has not satisfied the exhaustion requirement. His petition for a writ of habeas corpus on his claim that the appellate court wrongfully denied his application for a writ of error coram nobis is, therefore, denied on the grounds this claim was not exhausted in the state courts.

Even assuming that petitioner sought leave to appeal from the Court of Appeals, his habeas request would still be denied based on the Appellate Division's denial of petitioner's application for a writ of error coram nobis. The decision was not contrary to firmly established federal law as established by the Supreme Court in *Jones v. Barnes, supra*. In addition, there is no evidence on this record that the decision was based on an unreasonable determination of the facts in light of the evidence before it.

### III. CONCLUSION

Petitioner's application for a writ of habeas corpus is hereby **DENIED** in its entirety. His claims that the government failed to prove its case beyond a reasonable doubt, failed to prove the element of forcible compulsion and that his sentence was punishment for exercising his right to a jury trial are foreclosed from federal habeas review on the independent and adequate state grounds doctrine. Petitioner's request for a writ based on ineffective assistance of trial and

appellate counsel are denied because petitioner did not demonstrate that either attorney rendered ineffective assistance. In any event, the state courts' holdings with respect to petitioner's Sixth Amendment claims were not contrary to clearly established federal law as determined by the Supreme Court. Furthermore, petitioner's request for a writ based on the state appellate court's denial of his writ for error coram nobis is also denied on the ground petitioner did not satisfy the exhaustion requirement for 28 U.S.C. § 2254 petitions.

**SO ORDERED.**

Dated: November 15, 2013
      Central Islip, New York

                                            s/ Thomas C. Platt
                                            Thomas C. Platt, U.S.D.J.